

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRIAN BROOKS, | * | CIV 07-4063 |
| Plaintiff, | * | MEMORANDUM OPINION |
| | * | AND ORDER RE: |
| -vs- | * | SUMMARY JUDGMENT |
| WELLS FARGO SERVICES, CO., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Brian Brooks, has filed a *pro se* Complaint alleging that Defendant, Wells Fargo Services Co. (Wells Fargo), failed to promote him because of race discrimination. Plaintiff also alleges that his termination was a result of unlawful retaliation. Wells Fargo has moved for summary judgment on all of Plaintiff's claims. Doc. 30. For the reasons stated in this memorandum opinion, the motion for summary judgment is granted.

## FACTUAL BACKGROUND

In 2001, Plaintiff, Brian Brooks, applied for and was hired for a Phone Banker position within the Wells Fargo phone bank in Sioux Falls, South Dakota. After being hired Brooks received and acknowledged reading a copy of the Handbook for the Wells Fargo Team Members and the Code of Ethics and Business Conduct.

In April of 2004, Brooks applied for the position of Sales Development Consultant 2. The job posting for the position of Sales Development Consultant 2 lists as one of the "minimum qualifications" for the job "4-6 years of sales experience." Additionally, the job posting states that prior supervisory experience is a preferred skill. Candidate No. 1013982, who applied for and was hired for the position of Sales Development Consultant 2, had over four years of supervisory experience. Brooks had no experience as a supervisor at the time he applied for the position of Sales Development Consultant 2.

In 2005, Brooks applied for the position of Phone Bank Supervisor 1. The job posting for

the Phone Bank Supervisor 1 position stated that the minimum qualifications for the position required "[d]emonstrated management/leadership experience in sales and service environment." Candidate No. 1049941, who applied for and was hired for the position of Phone Bank Supervisor, was a college graduate who had prior experience in a management or leadership position as an Operations Specialist. Brooks, however, did not have any management or leadership experience and did not have a college degree when he applied for the position of Phone Bank Supervisor 1. Wells Fargo has presented evidence that without prior management or leadership experience, the position of Phone Bank Supervisor 1 was not the natural progression of promotion within the Wells Fargo phone bank for Brian Brooks.

In 2005, Brooks also applied for the position of Business Payroll Sales Representative. The job posting for this position stated that "[p]ayroll sales experience" was helpful but not required. JK, who applied for and was hired for the position of Business Payroll Sales Representative, was a Certified Payroll Professional and had over ten years of payroll experience. When he applied for the position Brooks was not a Certified Payroll Professional and did not have any payroll sales experience.

On August 6, 2005, Brooks called into the Wells Fargo phone bank at Shoreview, Minnesota to request the reversal of an ATM charge made to Victoria's Secret. The Phone Banker that took the call noticed the frequent number of ATM charge reversals on Brooks's account and found the situation to be suspicious. The phone banker then reported the situation to management. A Human Resources Consultant at Wells Fargo's phone bank for Shoreview, Minnesota contacted Brooks's direct supervisor, Wendy Songer. Brooks had told the phone banker with whom he spoke that the ATM charge to his account had been debited by $20.00 too much. Brooks' account was debited $65.67, and Brooks indicated that the debit should have been $45.67.

During an internal investigation, Wells Fargo obtained a receipt from Victoria's Secret which had been signed by Brooks's wife, Tracie Brook, and which revealed that the purchase in issue was $65.67, the amount originally debited to Brooks's account. During the internal investigation, a report detailing reversal of charges and fees to Brooks's account was generated which revealed multiple reversals of ATM charges. Significantly, more than one of the ATM reversal credits was for exactly $20.00. During this time frame Wells Fargo had a policy permitting reversal of an ATM

charge without review by a supervisor so long as the amount in question was less than $20.00. Based on his position of phone banker, Brooks knew of this policy. After receiving the receipt and completing the internal investigation, Mary Jo Vance, the Human Resources representative for Wells Fargo, reviewed the Code of Ethics and Business Conduct, found Brooks to be in violation of the same, and recommended to management that Brooks's employment be terminated if he in fact requested the ATM charge reversal.

On October 6, 2005, a meeting was held with Brooks, Mary Jo Vance, and the Phone Bank Manager. During this meeting, Brooks admitted to calling into the Wells Fargo phone bank to request a reversal of the ATM charge. At the conclusion of the meeting Brooks was informed that his employment was being terminated because he violated the Code of Ethics and Business Conduct. Brooks then filed a charge of discrimination with the South Dakota Department of Labor, Division of Human Rights, which made a determination of no probable cause, and the Equal Employment Opportunity Commission, which was unable to conclude that there had been a violation of statute. After receiving a right to sue letter, Brooks brought this action.

## PRINCIPLES OF SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c)

"mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Eighth Circuit has observed that "summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based." *Hindman v. Transkrit Corp.*, 145 F.3d 986, 990 (8th Cir.1998), *quoted in Kells v. Sinclair Buick–GMC Truck, Inc.*, 210 F.3d 827, 830 (8th Cir. 2000). However, the Eighth Circuit has noted "there is no 'discrimination case exception' to the application of Fed.R.Civ.P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial." *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005) (quoting *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir.1999)).

## I.
## WHETHER WELLS FARGO IS ENTITLED TO SUMMARY JUDGMENT ON BROOKS'S FAILURE TO PROMOTE CLAIM?

Brooks's Complaint alleges that he was not awarded promotions while working at Wells Fargo on account of his race. Brooks has conceded in his deposition that there is no direct evidence of discrimination with regard to the failure to promote claims. Since Wells Fargo has not argued to the contrary, the Court will assume that the failure to promote claims are timely.

To prevail on the failure-to-promote claim Brooks must first establish a prima facie case of discrimination. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506(1993). If he does so, Wells Fargo as the employer must rebut the presumption of discrimination that his prima facie case raises by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 506-07. If the employer articulates such a reason, the burden of production shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretextual. *See Burkett v. Glickman*, 327 F.3d 658, 660-61 (2003).

To establish a prima facie case of racial discrimination in a failure-to-promote claim, a plaintiff must show (1) that he is a member of a protected group; (2) that he was qualified and applied for a promotion to an available position; (3) that he was rejected; and (4)that similarly situated employees, not part of the protected group, were promoted instead. *Allen v. Tobacco Superstore, Inc.*,

475 F.3d 931, 937 (8th Cir.2007); *Shannon v. Ford Motor Co.*, 72 F.3d 678, 682 (8th Cir.1996). In this case the issue of whether Brooks was qualified for the positions he sought is in dispute.

In his resistance to the motion for summary judgment, Brooks states, "In the five years that I worked there, I never had any issue and was recognized as one of the top phone bankers there. I saw many people with my educational background move up into different positions." Doc. 39. While these statements for purposes of this motion have to be assumed to be true, Brooks has not specifically addressed whether he or the people with his educational background that he saw move up into different positions possessed the listed qualifications and requirements for the specific positions Brooks sought. Also, Brooks has not addressed Wells Fargo's position that the more natural progression for someone with Brooks' education and experience would have been a promotion to either Escalation Banker or Team Lead where Brooks could obtain management or leadership experience.

Assuming, for the purpose of determining the motion for summary judgment, that Brooks has established a genuine issue of material fact with regard to whether he was qualified for the positions he sought, and has therefore established a prima facie case of racial discrimination, Brooks has still failed to present evidence that Wells Fargo's proffered reason for promoting the other candidates, and not Brooks, is pretextual. In presenting evidence that the chosen candidates for the three positions had required and/or desired educational and experience qualifications that Brooks did not possess, Wells Fargo has articulated legitimate, nondiscriminatory reasons for its promotion decisions. Brooks has not presented evidence that challenges the credibility of those proffered reasons, and Wells Fargo is thus entitled to summary judgment on Brooks's failure to promote claims.

## II.
## WHETHER WELLS FARGO IS ENTITLED TO SUMMARY JUDGMENT ON BROOKS'S RETALIATORY DISCHARGE CLAIM?

In his resistance to the motion for summary judgment Brooks states, "My firing was a total retaliatory act. The reason I was fired was plain and simply because I spoke up about advancement

opportunities."[1] Although Brooks alleges in his complaint that he "spoke to his direct supervisor many times about him being discriminated against regarding his opportunity for advancement," his supervisor states in her affidavit that Brooks never complained to her about being discriminated against as a result of race. Other employees of Wells Fargo have also submitted affidavits contending they were never advised by Brooks or anyone else that Brooks believed he was being discriminated against as a result of race.

Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice [under Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." Because Brooks has no direct evidence of retaliation, his claim is analyzed under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792(1973). Under this framework, the plaintiff has the initial burden of establishing a prima facie case of retaliation. *Barker v. Missouri Dept. of Corrections*, 513 F.3d 831, 835 (8th Cir. 2008). Once the plaintiff satisfies this burden, the defendant must offer a legitimate, non-discriminatory reason for the employment action. *Id.* The burden of production then returns to the plaintiff to show that the employer's reason was a pretext for discrimination. *Id.*

To establish a prima facie case of retaliation, Brooks must show that he complained of discrimination, that the Defendant took adverse action against him, and that this adverse action was causally related to his complaint. *Smith v. St. Louis University*, 109 F.3d 1261, 1266 (8th Cir. 1997); *Marzec v. Marsh*, 990 F.2d 393, 396 (8th Cir.1993). Brooks has presented evidence that he complained of discrimination and that adverse action was taken against him. Since Wells Fargo denies that management was ever advised by Brooks or anyone else that Brooks believed he was being discriminated against as a result of race, and Brooks supplies no details such as the timing of his alleged complaints, the only evidence that establishes a causal connection between the alleged

---

[1] Brooks's complaint is unclear as to whether he was claiming his termination was as a result of race discrimination or whether he was claiming it was in retaliation for complaining about race discrimination. Based upon the statements Brooks made in his resistance to summary judgment, the Court will consider any possible prior claim of discharge based on race as being waived.

protected activity and Brooks' termination is that some unspecified time after he was not promoted Brooks complained of discrimination, and Brooks was then terminated some unspecified time after the complaints, even though Brooks had received superior performance reviews up to the time of his termination.

Even if Brooks has established a prima facie case of retaliation, he has failed to present evidence that Wells Fargo's proffered reason for terminating his employment is pretextual. In presenting evidence that Brooks' employment was terminated because he violated the Code of Ethics and Business Conduct Wells Fargo has articulated a legitimate, nondiscriminatory reasons for its decision to terminate Brooks' employment. In his resistance to the motion for summary judgment Brooks states, "I would like to go through every Wells Fargo employees's personal account to see if I could fish for anything that I thought was suspicious. This information would not be given to me because it would create a lot of embarrassing scenarios for Wells Fargo." Brooks is merely speculating that other employees may have violated the Code of Ethics and Business Conduct without consequence. On the other hand, Wells Fargo has presented evidence that similar breaches of ethics resulted in termination of other employees. Brooks has failed to present evidence that Wells Fargo's proffered reason for terminating his employment is pretextual. Wells Fargo is thus entitled to summary judgment on Brooks' retaliation claim. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 30) is granted in its entirety.

Dated this 19th day of May, 2008.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY *Colleen Schulte*
(SEAL)    DEPUTY